UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ABRAHAM ZEWELDI, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | ) Case No.: |
| | ) 4:17-cv-01434-AKK-SGC |
| JEFF B. SESSIONS, ET AL, | ) |
| | ) |
|    Respondents. | ) |

## MEMORANDUM OPINION

On August 22, 2017 Abraham Zeweldi filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. At the time he filed his petition, Zeweldi, a native of Eritrea, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). Doc. 1. In his petition, Zeweldi alleged that he was being illegally detained by ICE pending his deportation. Doc. 1. On September 20, 2017, Zeweldi was released from ICE custody, doc. 6-1, and, as a result, respondents filed a motion to dismiss the action as moot, doc. 6. For the reasons stated below, the motion is due to be granted.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. Const. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be

characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

The relief sought by Zeweldi in his petition is to be released from ICE custody. Where, as here, Zeweldi is no longer in ICE custody, his petition has been rendered moot, unless an exception to the mootness doctrine applies. Because neither of the two exceptions to the mootness doctrine, "collateral consequences" or "capable of repetition yet evading review," *see Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982), apply here, there is no longer any relief that the court can grant to Zeweldi, and his petition is due to be dismissed as moot.

Based on the foregoing, the Respondents' motion to dismiss, doc. 6, is **GRANTED**. A separate order will be entered.

**DONE** the 10th day of October, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE